# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**JUAN CARLOS DE LOS SANTOS-CASTILLO**,

Defendant.

**CRIMINAL NO**. 16-mj-1893(M)

## APPEAL SEEKING STAY AND REVIEW OF MAGISTRATE JUDGE'S ORDER SETTING BAIL AND CONDITIONS OF RELEASE

**COMES NOW** the United States of America, by and through the undersigned attorneys, and very respectfully states and prays as follows:

On December 16, 2016, a Criminal Complaint was filed against defendant De Los Santos-Castillo, for violating Title 8, United States Code, Section 1326(a)(2), meaning that defendant was found in the United States without proper legal authorization after being previously removed.

As a result of the Criminal Complaint currently standing against him, if found guilty, defendant faces a maximum imprisonment term of imprisonment of 2 years. Title 8, United States Code, Section1326(a)(2).

On December 22, 2016, a bail and detention hearing was held, before a Magistrate Judge, regarding defendant De Los Santos-Castillo. Despite the United States' request that the defendant be detained without bail, the Magistrate Judge entered an order setting bail, in addition to other conditions of release.

For the following reasons, the United States respectfully submits to the Honorable Court that defendant De Los Santos-Castillo is a risk of flight and therefore, should not be released with bail under the present circumstances.

## JURISDICTION

"If a person is ordered released by a magistrate judge ... the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release...." Title 18, United States Code, Section 3145(a)(1).

## STANDARD OF REVIEW

"[T]he proper approach is for the district court to engage in de novo review of the contested" pretrial detention or release orders. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

## ARGUMENT

In determining whether a defendant should be detained pending trial due to risk of flight or danger to the community, the Honorable Court must take the following factors into account:

> (1) The nature and circumstances of the offense charged, including whether the offense
>  is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person ...; and
>
> (4) the nature and seriousness of the danger to any person or the community that would
> be posed by the person's release.

Title 18, United States Code, Section 3142(g).

The weight of the evidence against defendant De Los Santos-Castillo in this case is very strong in showing that he has voluntarily and willfully disregarded the immigration laws of the United States. On December 6, 2005, defendant De Los Santos-Castillo was granted a voluntary return to the Dominican Republic and he failed to depart. A removal order became effective in March 2006 and the defendant absconded and remained in the United States illegally for **10 years**, when he was found by federal authorities.

On July 2, 2016, defendant De Los Santos-Castillo was physically removed from the United States and 5 months later he was, again, found illegally in the United States.

Most of the evidence in the case consist of documents from immigration authorities which reflect defendant's alienage and prior deportation, and the defendant's own admissions. Defendant is an illegal alien. He does not have permission to be in the United States. Moreover, the defendant was warned after during his deportation proceedings that previous to re-enter the United States he needed to have authorization from immigration authorities as reflected by the "Warning to Alien Ordered Removed or Deported," Department of Justice Form I-294:

> "After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States ."

Since defendant is currently subject to removal proceedings, and is an alien without authorization to be in the United States he inherently represents a risk of flight.

**WHEREFORE**, the United States respectfully requests that the order setting bail entered by the Magistrate Judge be stayed and revoked and an order be entered detaining defendant without bail until a final disposition on the merits of the case transpires.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 27th day of December 2016.

        **ROSA EMILIA RODRIGUEZ-VELEZ**
        **UNITED STATES ATTORNEY**

        s/ Elba Gorbea
        **ELBA GORBEA**
        USDC No. 224014
        Assistant United States Attorney
        U.S. Attorney's Office
        Torre Chardón, Suite 1201
        350 Carlos Chardón Ave.
        San Juan, PR 00918

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, this motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defense counsel.

                                                          s/ Elba Gorbea
                                                          **ELBA GORBEA**
                                                          USDC No. 224014
                                                          Assistant United States Attorney